MKD:co 6640/1 \pleading\66401Mtn

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| TIMOTHY DOYLE, ET AL | : | |
| | : | |
| VS. | : | C. A. NO. 01-409L |
| | : | |
| GREG BRAY, ET AL | : | |

**DEFENDANTS' MOTION FOR RECONSIDERATION OF ANALOGOUS PERIOD OF LIMITATIONS FOR DETERMINATION OF LACHES**

Comes now your defendants in the above-entitled matter and hereby move this honorable court to reconsider and/or permit re-argument regarding the most analogous statute of limitations for determination of defendants' laches defense. It would appear that the plaintiffs' action is most analogous to an action for failure to follow the statutory requirements for employment and compensation of employees under the Fair Labor Standards Act (FLSA). The FLSA carries a two year limitations period. In the alternative, at a maximum, the three year period of limitations contained in R.I.G.L. 28-14-20 would be the most analogous limitations period. Defendants' rely on the attached memorandum of law in support of this motion.

RESPECTFULLY SUBMITTED,
DEFENDANTS,
By their Attorneys,

J. Renn Olenn, Esq. #0623
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

Martin K. DeMagistris, Esq. #6089
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on 11/28/05 to:

Merlyn O'Keefe, Esq.
PACKER & O'KEEFE
1220 Kingstown Road
Peace Dale, RI 02879

MKD:co 6640/1 \pleading\66401Memo

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

TIMOTHY DOYLE, ET AL :
:
VS. : C. A. NO. 01-409L
:
GREG BRAY, ET AL :

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION OF ANALOGOUS PERIOD OF LIMITATIONS FOR DETERMINATION OF LACHES**

## I. FACTS

This action was filed by plaintiffs on August 13, 2001. The complaint alleged that defendants failed to provide them with fishing agreements meeting the requirements of 46 U.S.C. §10601, and that they were therefore entitled to the "highest rate of wages" damages provision of 46 U.S.C. §11107. Defendants alleged that the highest rate of wages damages provision was not applicable to fishermen earning lay shares. Further, defendants argued that plaintiffs' claims were time-barred by waiver and laches as a matter of law.

On cross motions for summary judgment, the Honorable Judge Ronald R. Lagueux granted partial summary judgment in favor of the plaintiffs, finding that 46 U.S.C. §11107 did apply to fishermen earning lay shares. In addressing defendants' argument that laches barred the plaintiffs' claims as a matter of law, Judge Lagueux found that the laches determination was a question of fact and was inappropriate for summary judgment. Waiver and damages were also reserved for trial.

Incorporated in the court's decision was a finding regarding the most analogous limitations period to apply for purposes of laches. In admiralty, in the absence of a specific period of limitations,

the common law doctrine of laches applies. In determining which party bears the burden for the laches determination, the court applies the period of limitations applicable to the most analogous state cause of action. If the action was brought beyond the period of limitations, prejudice to the defendants is presumed and the burden of proof is on the plaintiff. If brought within the analogous limitations period, the defendants bear the burden.

The defendants sought an interlocutory appeal under 28 U.S.C. §1292(a)(3) of the district court's granting of partial summary judgment to the plaintiffs on the sole issue of whether 46 U.S.C. §11107 applied to fishermen earning lay shares. §1292(a)(3) allows for interlocutory appeal only where a right or liability of a party has been finally determined, even if these are <u>other</u> issues upon which the party might eventually prevail. In *Re S.S. Tropic Breeze*, 456 F.2d 137, 139 (1st Cir. 1972). The First Circuit Court of Appeals found that the statute did apply and remanded the case to this court for trial on those other issues.

## II. <u>PROCEDURAL BACKGROUND</u>

In this case, defendants moved for a motion for summary judgment based on laches as a matter of law, claiming that the six month limitations period of 46 U.S.C. §10603 was the most analogous limitations period. The court disagreed and ruled that pursuant to *Pellegrino v. Rhode Island Ethics Commission*, 788 A.2d 1119 (RI 2002), the ten year period of §9-1-13 would be applied at trial, putting the burden of proof on the defendants.

Defendants, by this motion, ask only that the court reconsider the unadjudicated and unreviewed ten year analogous limitations period. Defendants are confident that because compelling case law and statutory law were not presented below, the wrong analogous limitations period will be applied if the issue is not reconsidered before trial.

Since this trial has not yet commenced, the plaintiff is not prejudiced by a reconsideration of this ruling. In fact, as the court is aware, there are other plaintiffs in an identical case which is pending in this court. Therefore, this issue is one that will clearly be brought up again...and again. (According to plaintiffs' attorney, more identical claims are on the way).

## III. Legal Argument

In its prior ruling on cross motions for summary judgment, the court based its laches decision on *Pellegrino v. Rhode Island Ethics Commission*, 788 A.2d 1119 (RI 2002). In *Pellegrino*, the plaintiffs were all members of the state Ethics Commission and were seeking to be paid for their services. As commission members, they were statutorily entitled to a particular stipend in return for their service. In or around 1991, then Governor Sundlun, reacting to a state fiscal crisis, ordered a moratorium on the payment of all compensation to members of state boards and agencies. In response to the commission members' suit filed several years later, the state argued that it could not be sued for the compensation on sovereign immunity grounds. The supreme court ruled that the state had waived its sovereign immunity by enacting a statute specifically providing for commission members to be paid particular stipends.

In determining the statute of limitations issue question in the instant case, this court found there was no specific statutory limitations period applicable, and that the ten year limitation period applied found in R.I.G.L. §9-1-13 which provides a ten year period of limitations for all claims not previously identified. *Pellegrino* is not analogous to the present case for two reasons.

First and foremost, had the State of Rhode Island been subject to wage statutes under Chapter 14 of Title 28, as any <u>private</u> employer is, the claim would have been barred under the payment of wages limitations period of either one or three years. G.L. §25-14-18.1 and §28-14-20. Obviously,

we are dealing with private employers in the present case.

Second, the issue before the Rhode Island Supreme Court in the prior case was not in any way related to a protective employment statute as is at issue here. There was no question that the *Pellegrino* plaintiffs were entitled to be paid a specific amount for work actually performed. Rather, the issue was whether the state had waived its sovereign immunity for that claim. The *Pellegrino* plaintiffs enjoyed no protection under Rhode Island's payment of wages statute, or any similar wage statute. In the instant case, the issue deals exclusively with the alleged failure of a private employer to fulfill a statutory requirement which is meant to protect private employees.

Accordingly, this court should apply the most analogous cause of action available to a private employee under either federal or state employment and/or wage statutes.

### A. THE FAIR LABOR STANDARDS ACT LIMITATIONS PERIOD OF TWO YEARS FOR THE PAYMENT OF PENALTY WAGES IS THE MOST ANALOGOUS LIMITATIONS PERIOD TO PLAINTIFFS' ACTION.

Although there is support for the proposition that the analogous state limitations period is the proper inquiry in determining laches periods in admiralty, there is an exception that allows for an analogous federal limitation period when "the rule from elsewhere in federal law clearly provides a closer analogy then available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial law making." *Brown v. The Royal Caribbean Cruises, LTD., et al.*, 2000 WL 34449703 (S.D.N.Y. 2000), citing *Sandberg v. KPMG Pete Marwick, LLP*, 111 F.3rd 331, 336 (2nd Cir. 1997).

In *Brown v. The Royal Caribbean Cruises, LTD., et al.*, 2000 WL 34449703 (S.D.N.Y. 2000), a case similar to the one at bar, the court found "the most analogous cause of action to...claims for unpaid overtime wages and penalty wages under 46 U.S.C. §10101, et seq. and

§10313 [is one for] unpaid overtime compensation pursuant to the Federal Fair Labor Standard's Act ("FLSA")." *Id.* at 3 (emphasis added). The basis for the court's decision was succinctly stated. "[The FLSA statute is the] most appropriate statute to employ in this instance because...it is a statutory remedy that provides for repayment not only of unpaid overtime wages, but also an additional "penalty wage" equal to the amount of unpaid overtime wages." *Id.*

Similarly, in this case, the plaintiffs do not seek payment for work they performed, but rather penalty wages calculated according to what the highest paid crewmen on the boat received, because as they allege, they were not provided proper written agreements. It appears that the case before this court will be the first opportunity for any federal court to pass on the appropriate analogous limitations period for claims brought under §10601. Therefore, there is no exact precedent to the facts before this court. However, given the close relationship between the actions under the FLSA and 46 U.S.C. §10101 et seq., the two year period seems the most analogous.

### B. IN THE ALTERNATIVE TO THE FLSA LIMITATIONS PERIOD, THE STATUTORY CAUSES OF ACTION AVAILABLE UNDER RHODE ISLAND'S WAGE AND EMPLOYMENT PROTECTION STATUTES ARE THE MOST ANALOGOUS ACTIONS TO PLAINTIFFS' CLAIMS.

The nature of the plaintiffs' claims is that the defendants employed the plaintiffs in violation of a federal statute. The most analogous cause of action under Rhode Island law would therefore be a violation of a state employment statute. *McConville v. Florida Towing Corporation*, 321 F.2d 162 (5th Cir. 1963). (State limitations period of two years held applicable to admiralty wage claims).

The plaintiffs' complaint is based on the insufficiency of defendants' fishing agreements with respect to the requirement that the "terms of the wage, share, or other compensation arrangement" be provided in writing. 46 U.S.C. §10601(a). For this, the plaintiffs seek a statutory remedy providing them a default rate of wages. 46 U.S.C. §11107. Accordingly, the most analogous state limitations

period is that applicable to claims made by Rhode Island workers for violations of Rhode Island's wage statutes. These statutes protect Rhode Island's private sector workforce by setting forth mandatory terms for employment and the payment of wages. See Title 28 of Rhode Island General Laws and §28-14-20, Payment of Wages (G.L. §28-14-1 et seq.). Based on the similarity between these state statutory protections and those provided for the protection of seamen in 46 U.S.C. §10601, and Part G of Title 46 generally, the most analogous state limitations period is the three year period located in G.L. §28-14-20. (See this court's opinion in *Trustees of Local Union No. 17 Sheet Metal Workers*, 951 F.Supp. 346 (D.R.I. 1997) (three years limitations period of §28-14-20 applicable to claim for wages, as opposed to benefits); see also *Chretien v. Exxon Company, U.S.A.*, 701 F.Supp. 266 (D.C. N.H. 1998).

RESPECTFULLY SUBMITTED,
DEFENDANTS,
By their Attorneys,

J. Renn Olenn, Esq. #0623
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

Martin K. DeMagistris, Esq. #6089
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on 11/28/05 to:

Merlyn O'Keefe, Esq.
PACKER & O'KEEFE
1220 Kingstown Road
Peace Dale, RI 02879

[signature]