**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

TIMOTHY DOYLE, ERIC EDWARDS, GREG HAGAMAN, BRIAN LAGUE, and ANTHONY RICHARDS

PLAINTIFFS

V. C.A. NO. 01-409L

HUNTRESS, INC. AND RELENTLESS, INC.

DEFENDANTS

## PLAINTIFFS' OBJECTION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF ANALOGOUS PERIOD OF LIMITATIONS FOR DETERMINATION OF LACHES

Comes now your Plaintiffs and all of them object to the motion of Defendants for reconsideration of analogous period of limitations for determination of laches.

Respectfully submitted,
Plaintiffs, Timothy Doyle, Eric Edwards,
Greg Hagaman, Brian Lague, and
Anthony Richards
By their Attorneys:
PACKER & O'KEEFE

Merlyn P. O'Keefe, Esq. #2439
1220 Kingstown Road
Peace Dale, RI 02879
(401) 789-4850 phone
(401) 782-4210 fax

CERTIFICATION

I hereby certify that I mailed a true copy of the within, first class postage prepaid, on the 14th day of December 2005 to the following: J. Renn Olenn, Esq., OLENN & PENZA, 530 Greenwich Avenue, Warwick, RI 02886.

Bonnie S. Dowling
Bonnie S. Dowling

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| TIMOTHY DOYLE, ERIC EDWARDS, GREG HAGAMAN, BRIAN LAGUE, and ANTHONY RICHARDS | : | |
| PLAINTIFFS | : | |
| V. | : | C.A. NO. 01-409L |
| HUNTRESS, INC. AND RELENTLESS, INC. | : | |
| DEFENDANTS | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OBJECTION TO DEFENDANTS' MOTION FOR RECONSIDERATION**

**FOREWORD**

Although the motion for partial summary judgment was decided against these defendants on January 13, 2004 and wended its way through the First Circuit until that Court refused to rehear or hear en banc its affirmance of this Court's 13 January 2004 Order granting partial summary judgment to Plaintiffs on 4 November 2005, Defendants now tell the Court they "ask only that the court (sic) reconsider the un-adjudicated and unreviewed ten year analogous limitation period" and that they are "confident because compelling case law and statutory law were not presented below, the wrong analogous limitations period will be applied if the issue is not reconsidered before trial" Defendants' Memorandum In Support of Their Motion to Reconsider certified on 28 November 2005 at 2. Thus, they ask the Court to dive back into this voluminous record.

As will be shown, Defendants ask too much and have shown too little too late under the

law and their motion should be denied. Defendants took every opportunity to litigate the statutory tipping point for laches analysis and made the strategic decision to rely on the six months limitation period found in 46 U.S.C. 10602 which this Court considered and rejected in favor of the ten year limitation found in Rhode Island General laws 9-1-13.

## A. This Court Appears to Be Without Jurisdiction to Hear Defendants' Motion

A thorough combing of the Federal Rules of Civil Procedure discloses no support for a motion for reconsideration. What the rules do provide a party dissatisfied with a summary judgment is a motion to amend under Rule 59. However, any such motion to amend must be filed within ten days of the judgment and this is one of the deadlines beyond which the District Court loses jurisdiction. The ten day limit is mandatory F.R.C.P. 6 (b) and a District Court has no power or discretion to modify it *Vargas* v. *Gonzalez* 975 F.2d 916 (1st Cir. 1992).

Stated in the plainest term, a District Court is without jurisdiction to grant the untimely Rule 59 (e) motion *Feinstein* v. *Moses* 951 F.2d 16 (1st Cir. 1991) see also *Airline Pilots Ass'n* v. *Precision Valley Aviation* 26 F.3d 220 (1st Cir. 1994) and any such motion is a nullity. *Morris* v. *Unum Life Insurance Co.* 2005 U.S. App. Lexis 26550 filed on 5 December 2005 (1st Cir.).

In this instance, the summary judgment was granted on 13 January 2004 and Defendants' attack on it, to say the very least, is untimely.

**B. Even Were the Court To Find It Had Jurisdiction, Defendants Fall Far Short of the Standards Under Rule 59 and Have Otherwise Waived Their Argument Under the Common Law of Waiver**

**(1) Rule 59**

A motion under Rule 59 cannot be used by the losing party "to repeat old arguments previously considered and rejected" or to raise new legal theories that should have been raised earlier" *National Metals Finishing* v. *Barclays American/Commercial, Inc.* 899 F.2d 119, 123 (1st Cir. 1990). "Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has made, rightly or wrongly" *Williams* v. *City of Pittsburgh* 32 F. Supp. 2d 236 (W.D. Penn 1998). Thus, parties cannot use Rule 59 (e) motions to "raise arguments which could, and should, have been made before Judgment issued" *FDIC* v. *World University, Inc*. 978 F.2d 10 (1st Cir. 1992) as "it does not provide a vehicle for a party to undo its own procedural failures." *Aybar* v. *Crispin-Reyes* 118 F.3d 10 (1st Cir. 1997) "As the District Court of Pennsylvania has wisely explained:

> Motions for reconsideration must be strictly reviewed for at least four reasons. First, it would tend to undercut the court's first decision and transform it into an advisory opinion, which is prohibited. Second, motions for reconsideration run counter to the operation of the Federal Rules of Civil Procedure, which provide all the necessary safeguards to promote fair decisions. Third, broad interpretation of motions for reconsideration is not supported by controlling precedent. And last but not least, reconsideration of

> dispositive decisions...hinders the court's ability to decide motions awaiting resolution that have yet to be reviewed once, let alone twice. *Williams* v. *City of Pittsburgh*, 32 F. Supp. 2d 236, 238 (W.D. Penn. 1998)"

*Villanueva-Mendez* v. *Nieves-Vasquez* 360 F. Supp. 2d 320 (D. P.R. 2005)

Having not previously spelled out its arguments distinctly and squarely, must now "forever hold ⌊their⌉ peace" *U.S.* v. *Zannino* 895 F.2d 1, 7 (1st Cir. 1990).

**(2) Common Law Waiver**

It is not as though Defendants did not have enough time to brief the statutory tipping point for laches analysis. They did, but in their objection to Plaintiffs' motion for summary judgment and their cross motion filed on 13 December 2002 consisting of 24 pages, they scarcely mentioned the tipping point and did not previously cite but two of the authorities it now attempts to foist upon this Court.

"A party has a duty to put its best foot forward before the ⌊Court⌉ to spell out its arguments squarely and distinctly" *Paterson-Leitch Co.* v. *Massachusetts Wholesale Elec. Co.* 840 F.2d 985 (1st Cir. 1988) Nor may a litigant sandbag the Court "hoping for a satisfactory resolution but retaining a ground of attack on the judge's rulings" *El Fenix de Puerto Rico* v. *M/V Johanny* 36F.3d 136 (1st Cir.1994) just in case.

Sandbagging, a nautical term, refers to the practice of moving the ballast sandbags to meet the changing winds *Rodriguez* v. *Munoz* 808 F.2d 138 (1st Cir. 1986) and that is just what Defendants seek to do here. For the first time, they seize upon the importance of the tipping

statute and now seek to make a more favorable record than they did the first time around on the appeal they will most certainly take if their history is any guide.

**C. <u>Even If the Court Finds Itself to Have Jurisdiction and That Defendants' Motion Is in Order, Defendants Still Lose on the Merits</u>**

Until this filing, Defendants focused harder on other matters and filed a twenty-four (24) page motion in support of their objection and cross motion for summary judgment, certified on 13 December 2002 and moved successfully to exceed this Court's page limits after the fact on 16 December 2002, a second time in a six (6) page reply to Plaintiffs' Objection to Defendants' Motion for Summary Judgment certified on 29 January 2003, and a third time when their motion to file a supplemental memorandum was granted by Margin Order of this very Court on 4 August 2003 and took a forth try before this Court in its post judgment petition for permission to appeal pursuant to 28 U.S.C. 1292 (a) (3) certified on 11 February 2004 which was never heard and never should have been heard since no such certificate is required under the interlocutory appeal statute available in admiralty matters–the vehicle under which the First Circuit took interlocutory jurisdiction. Indeed, of the seven citations it brings to the Court one 25-14-18.1 does not exist and the other *<u>Chretien</u>* v. *<u>Exxon Company U.S.A.</u>* 701 F. Supp 266 (D. NH 1998) is not noted to have been affirmed *<u>Chretien</u>* v. *<u>Exxon Company U.S.A.</u>* 863 F.2d 182 (1st Cir. 1988). Plaintiffs frankly admit that the mass, speed, timing, and citation of stray non-mandatory authorities for gross propositions of law which Plaintiffs have to chase down.

Plaintiffs will address the "new" citations in the order they are raised.

(a) R.I.G.L. 28-14-18.1 There is no such statute in the Rhode Island General Laws.

(b) R.I.G.L. 25-14-20 speaks to a three-year limitation but only when a worker seeks to invoke the authority of the Director of the Department of Labor and Training to bring an action for wages on his behalf. R.I.G.L. 28-14-19 It says nothing about the statute of limitations for a lawsuit. It is instructive to note that this statutory scheme applies to wage earners who, for example, must be given a statement of hours worked R.I.G.L. 28-14-2.1 and any employer who fails to comply with the provisions of this chapter is liable to criminal penalties.

(c) *Brown* v. *The Royal Caribbean Cruises, Ltd.* 2000 W L 34449703 (S.D. NY 2000) is not otherwise reported than in Westlaw and a search of subsequent history reveals none. It is readily distinguishable. In *Brown*, the seamen were beneficiaries of a Collective Bargaining Agreement and, pursuant to that agreement, knew what and when they should be paid, thus giving them notice of any shortcomings in their paychecks. In contrast, as this Court found, there was no written agreement against which the Plaintiffs

could gauge whether they were being legally compensated.

Whatever the law is in the Second Circuit on whether to borrow from State or Federal law, in this Circuit, Courts turn to State law *Puerto Rican-American Insurance Co.* v. *Benjamin Shipping Co.* 329 F. 2d 281 (1st Cir.) as, indeed, they must in such instances when no specific statute of limitations is provided for a federal cause of action. *I. V. Servs. of Am., Inc.* v. *Inn Dev. & Mgmt, Inc.* 7 F. Supp. 2d 79 (D. MA 1998) This well accepted practice has its roots in the Rules of Decision Act 28 U.S.C. 1652 *Id.*

(d) *McConville* v. *Florida Towing Company* 321 F.2d 162 (5th Cir. 1963)

True enough, the Court found the tipping point to be one year based on a Florida statute setting the period for the filing of "Suits for the Recovery of Wages, overtime or damages and penalties accruing under laws respecting the payment of wages and overtime" *Fla. Stat. Ann*. 95.11 (7) (b). However, Defendants cite the Court to no analogous Rhode Island statute, Plaintiffs know of none and the Court, of course, cannot be called upon to do any litigant's homework. *McCoy* v. *Massachusetts Institute of Technology* 950 F. 13, 22 (1st Cir. 1991)

(e) *Trustees of Local Union 17 Local Sheet Metal* 951 F. Supp. 346 (D. RI 1997)

For starters, the correct citation of this case must include May Engineering as a defendant. This decision by this very Court does not hold that a worker has but three years to sue his employer for unpaid wages.

In deed, it holds consistently with its holding in the case *sub judice* that "Because no statute is 'specifically provided' for an action under 28-14-3.1, the general ten year statute of limitations of 9-1-13 (a) would govern a claim brought pursuant to this section. *Id*.

(f) *Chretien* v. *Exxon Company U.S.A.* 701 F. Supp. 266 (D.C. NH) affirmed 863 F.2d 182 (1st Cir. 1988). In this case, the seaman knew the vessel took the disputed deduction at the time it was taken and said nothing for two years as it ran up the per diem penalty statute causing prejudice to the vessel and it was on the run up of the excessive penalty statute that the Courts found prejudice. Additionally, in contrast to the case *sub judice* where the settlement and roster sheets remain available, in *Chretien*, there was evidence that the excessive delay contributed to the inability of defendant "to produce certain documents germane to this action." Here, there is no *per diem* penalty and the records are available.

## CONCLUSION

For the reasons set forth above, the Court should refuse to take jurisdiction or, if taking jurisdiction, deny the motion on procedural or substantive grounds.

Respectfully submitted,
Plaintiffs, Timothy Doyle, Eric Edwards,
Greg Hagaman, Brian Lague, and
Anthony Richards
By their Attorneys:
PACKER & O'KEEFE

Merlyn P. O'Keefe, Esq.
1220 Kingstown Road
Peace Dale, RI 02879
(401) 789-4850 phone
(401) 782-4210 fax
Ct. Reg. #2439

## CERTIFICATION

I hereby certify that I mailed a true copy of the within, first class postage prepaid, on the 14th day of December 2005 to the following: J. Renn Olenn, Esq., OLENN & PENZA, 530 Greenwich Avenue, Warwick, RI 02886.

Bonnie S. Dowling