**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| TIMOTHY DOYLE, ERIC EDWARDS, GREG HAGAMAN, BRIAN LAGUE, and ANTHONY RICHARDS | : | |
| PLAINTIFFS | : | |
| V. | : | C.A. NO. 01-409L |
| HUNTRESS, INC. AND RELENTLESS, INC. | : | |
| DEFENDANTS | : | |

**PLAINTIFFS' OMNIBUS MOTION TO COMPEL MORE RESPONSIVE ANSWERS**

Come now your Plaintiffs and move this Honorable Court to compel the Defendants and each of them to provide more responsive answers to the interrogatories previously propounded.

Respectfully submitted,
Plaintiffs, Timothy Doyle, Eric Edwards,
Greg Hagaman, Brian Lague, and
Anthony Richards
By their Attorneys:
PACKER & O'KEEFE

Merlyn P. O'Keefe, Esq.
1220 Kingstown Road
Peace Dale, RI 02879
(401) 789-4850 phone
(401) 782-4210 fax
Ct. Reg. #2439

GOOD FAITH CERTIFICATION

Plaintiffs have in good faith conferred with Defendants in an effort to secure disclosure without Court action.

Merlyn P. O'Keefe, Esq.

*Timothy Doyle, et al.* v. *Huntress, Inc., et al.*
C.A. NO. 01-409L
Plaintiffs' Omnibus Motion to Compel More Responsive Answers

CERTIFICATION

I hereby certify that I mailed a true copy of the within, first class postage prepaid, on the 23rd day of December 2005 to the following: J. Renn Olenn, Esq., OLENN & PENZA, 530 Greenwich Avenue, Warwick, RI 02886.

Bonnie S. Dowling
Bonnie S. Dowling

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| TIMOTHY DOYLE, ERIC EDWARDS, GREG HAGAMAN, BRIAN LAGUE, and ANTHONY RICHARDS | : | |
| PLAINTIFFS | : | |
| V. | : | C.A. NO. 01-409L |
| HUNTRESS, INC. AND RELENTLESS, INC. | : | |
| DEFENDANTS | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OMNIBUS MOTION TO COMPEL MORE RESPONSIVE ANSWERS**

**FOREWORD**

By Decision and Order of 13 January 2004, since affirmed by the Court of Appeals *Doyle, et al.* v. *Huntress, Inc., et al.* 419 F.3d 3 (2005), Senior Judge Lagueux held Plaintiffs were within the protection of 46 U.S.C. 11107 and "entitled to recover the highest rate of wages at the port from which the seaman was engaged or the amount agreed to be given the seaman at the time of engagement, whichever is higher. Thus, Plaintiffs are entitled to the difference between what they were paid and what others doing the same work on the same trip were paid.

Each of the Court's Plaintiffs filed the same set of twenty-one interrogatories, with no subpart, and each of the Court's defendants filed the same answers to each set in May 2002 and Plaintiffs now seek to compel more responsive answers to but four of these interrogatories.

Plaintiffs have fully answered all interrogatories propounded them and no motion to compel was ever filed. In an attempt to lessen paperwork, Plaintiffs would ask the Court to consider this one omnibus motion on behalf of all Plaintiffs rather than five separate identical

motions. Plaintiffs had not previously filed a motion to compel reasoning that Defendants would have to file Affidavits countering the ones Plaintiffs filed setting forth their calculations of damages, i.e. the wage differential. However, Defendants filed neither counter-affidavits as required by F.R.C.P. Rule 56 (e) nor the initial disclosure required by Rule 26 (a) (I)as to data compilation Id. at B a computation of damages Id at C, nor did they set forth their calculations of damages in their Undisputed State of Facts required by Local Rule 12.1. Defendants invocation of Rule 33 (d) is inappropriate "because a party who is permitted by the terms of this subdivision to offer records for inspection in lieu of answering an interrogatory should offer them in a manner that permits the same direct and economical access that is available to the party if the information sought exists in the form of compilation abstracts or summaries then available to the responding party those should be made available to the interrogatory party." *Reporter's Notes To F.R.C.P. 33 (1980)*

**DEFENDANTS' ANSWERS TO**
**PLAINTIFFS' INTERROGATORIES:**

**INTERROGATORY #3:**

Please state the date of the first and last fishing trip this Plaintiff took within the dates set forth in interrogatory #2.

**ANSWER TO INTERROGATORY #3**

*Pursuant to Federal Rule of Civil Procedure 33(d), this information is contained in the business records in the form of trip summary sheets and trip sign-in sheets that have been produced by defendants to plaintiffs. Those records constitute the requested information to the*

*best of defendant's knowledge.*

**RESPONSE SOUGHT TO INTERROGATORY #3**

Defendants have produced two sets of documents which they now refer to as trip summary sheets Attachment A (randomly picked) is a sample and trip sign-in sheets Attachment B (randomly picked) is a sample.* The trip summary sheets contain no date whatsoever but contain a trip number. The bulk of the sign-in sheets, or at least the copies Plaintiffs have received, contain a sailing date but not a return date and do not contain a trip number. Thus it is impossible for Plaintiffs to determine the dates of the under payments or to correlate a trip number with a starting date and Defendants fall outside of F.R.C.P. 33 (d)'s requirement that "the answer may be derived or ascertained from the business records of the party upon whom the interrogatory has been served." See also *Budget Rent A Car, Inc*. v. *Hertz Corp*. 55 F.R.D. 354, 357 (W.D. Mo. 1972) ("a broad statement that the information sought is ascertainable generally from the documents...is not sufficient") and *In Re. Master Key Litigation* 53 F.R.D. 87, 90 (D. CONN 1971) ("It is not a plausible response that an answer may (or may not) be found in its records accompanied by an offer to permit their inspection is sufficient. This is little more than an offer to play the discredited game of blindman's bluff at the threshold level of discovery.") The date of any such under payment is crucial for the calculation of interest which is added to any admiralty judgment as the norm. *Lee Moore-McCormack Lines* v. *Amirault* 202 F.2d 893 (1st Cir. 1953) Additionally, Defendants couch and qualify several of their answers

---

*Many, if not all of these documents, were cropped in the copying process before Plaintiffs received them.

with the phrase "to the best of defendants' knowledge." They were not asked to give knowledge only to this extent and should be ordered to answer a straight up interrogatory in a straight up manner.

**<u>INTERROGATORY #5</u>:**

As to any fishing trip identified in Interrogatory #3 this Plaintiff took aboard the F/V Persistence, please state the number assigned to any such trip by reference to the first day of the trip, i.e. Trip 403, December 5, 1999.

**<u>ANSWER TO INTERROGATORY #5</u>:**

*Pursuant to Federal Rule of Civil Procedure 33(d), this information is contained in the business records in the form of trip summary sheets and trip sign-in sheets. The trip summary sheets have been provided to plaintiff. The trip sign-in sheets are attached. Those records constitute the requested information to the best of defendants' knowledge.*

**<u>RESPONSE SOUGHT TO INTERROGATORY #5</u>:**

No trip summary contains any dates on it and most sign-in sheets are lacking either a trip number, a starting date, a returning date, or a random combination of the three. This is relevant to the Plaintiffs' claims under Rule 26 (b) 1 if for no other reason than to calculate interest. Additionally, Defendants couch and qualify several of their answers with the phrase "to the best of defendants' knowledge." They were not asked to give knowledge only to this extent and should be ordered to answer a straight up interrogatory in a straight up manner.

**INTERROGATORY #15**:

As to each and every trip taken by Plaintiff, please state, in dollars and cents, how much a full share was with specific reference to either the starting date of the trip or the trip number.

**ANSWER TO INTERROGATORY #15:**

*Pursuant to Federal Rule of Civil Procedure 33(d), this information is contained in the business records in the form of trip summary sheets and trip sign-in sheets. The trip summary sheets have been provided to plaintiff. The trip sign-in sheets are attached. Those records constitute the requested information to the best of defendants knowledge.*

**RESPONSE SOUGHT TO INTERROGATORY #15**:

Defendants have never once put a dollar and cents figure on a full share on any given trip. As Plaintiffs are entitled to the differential between a full share and what they were paid, this information is relevant to their claim. Additionally, Defendants couch and qualify several of their answers with the phrase "to the best of defendants' knowledge." They were not asked to give knowledge only to this extent and should be ordered to answer a straight up interrogatory in a straight up manner.

**INTERROGATORY #16**:

As to each and every trip taken by Plaintiff, please state, in dollars and cents what percentage of a full share Plaintiff was paid with specific reference to either the starting date or trip number.

**ANSWER TO INTERROGATORY #16**:

*Pursuant to Federal Rule of Civil Procedure 33(d), this information is contained in the*

*business records in the form of trip summary sheets and trip sign-in sheets that have been produced by defendants to plaintiffs. Those records constitute the requested information to the best of defendants' knowledge.*

**RESPONSE SOUGHT TO INTERROGATORY #16:**

Defendants have never once put a dollar and cents figure on a full share on any given trip. As Plaintiffs are entitled to the differential between a full share and what they were paid, this information is relevant to their claim. Additionally, Defendants couch and qualify several of their answers with the phrase "to the best of defendants' knowledge." They were not asked to give knowledge only to this extent and should be ordered to answer a straight up interrogatory in a straight up manner.

Respectfully submitted,
Plaintiffs, Timothy Doyle, Eric Edwards,
Greg Hagaman, Brian Lague, and
Anthony Richards
By their Attorneys,
PACKER & O'KEEFE

Merlyn P. O'Keefe, Esq.
1220 Kingstown Road
Peace Dale, RI 02879
(401) 789-4850 phone
(401) 782-4210 fax
Ct. Reg. #2439

CERTIFICATION

I hereby certify that I mailed a true copy of the within, first class postage prepaid, on the 23rd day of December 2005 to the following: J. Renn Olenn, Esq., OLENN & PENZA, 530 Greenwich Avenue, Warwick, RI 02886.

Bonnie S. Dowling

Releases

TRIP SUMMARY SHEET F/T: 537-1

By signing my name to this crew roster, I agree to the terms and conditions of the fishing agreement for the vessel I am boarding.

DATE SAILED:
" ARRIVED:

| SHARE | NAME | SIGNATURE | INCIDENT |
|---|---|---|---|
| | CAPT. Greg Bray | Gregory C. Bray | |
| | ENG. Phil Ruhle | [signature] | |
| | ASST. ENG. Philip Ruhle Jr | Philip Ruhle Jr | |
| 1/8 | 1. David Whittier | David Whittier | |
| 1/8 | 2. Robert Pickeral | Robert Pickeral | |
| 1/8 | 3. Carlos Lemon | [signature] | |
| 1/8 | 4. Brian Lague | Brian Lague | |
| 1/8 | 5. Tony Richards | Anthony Richard | |
| | 6. Barry Knapp | Barry Knapp | |
| 1/8 | 7. Paul Webb | Paul Webb | |
| | 8. Charles Doyle | [signature] | |
| 1/8 | 9. Thomas Rawls Jr | Thomas Rawls Jr | |
| | 10. Philip Mers | Philip Mers | |
| | 11. Ed McDermott | Ed McDERMOTT | |
| | 12. | | |

ATTACHMENT A

Persistence
Trip 410

| | |
|---|---|
| | 220,502.86 |
| − | 35,534.79 |
| | 184,968.07 |
| − | 112,830.52 |
| | 72,137.55 |
| − | 5645.40 |
| | 66,492.15 |
| − | 900.00 |
| | 65,592.15 |

| | | |
|---|---|---|
| Fuel | – | 10,309.70 |
| Packaging | – | 19,920.84 |
| Unloading | – | 5 304.25 |
| | | 35,534.79 |

| | | | |
|---|---|---|---|
| Kyle | 9,246.62 | | |
| Pat | 5,633.40 | 780.33 | |
| Ken | 4,733.40 | 200 | [illegible] |
| Jim | 4,733.40 | 1000 IRS | 500 ADV |
| Bill | 4,733.40 | 500 ADV | |
| Eric | 4,733.40 | 500 ADV | 390.16 |
| Tony | 4,057.20 | 1000 | |
| Shawn | 4,057.20 | 500 | 390.16 |
| Jake | 4,057.20 | 343.20 | |
| John | 4,057.20 | | |
| Ed | 4,057.20 | 390.16 | |
| Brian | 4,057.20 | | |
| Joey | 4,057.20 | | |

Crew
5,645.40

6

ATTACHMENT B