MKD:co 6640/1 \pleading\66401Reply2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| TIMOTHY DOYLE, ET AL | : | |
| | : | |
| VS. | : | C. A. NO. 01-409L |
| | : | |
| GREG BRAY, ET AL | : | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR RECONSIDERATION**

Plaintiffs' objection misstates the effect of the federal rules, as well as the applicability of the state wage statutes cited in defendants' motion. Neither Rule 59 of the Federal Rules of Civil Procedure, nor the 10 day limitation period contained therein, apply to defendants' motion for reconsideration. Rule 59 encompasses only motions for new trials or to amend judgments, neither of which have occurred in this case. Rather, defendants' motion for reconsideration requests reconsideration of the district court judge's preliminary decision with respect to the applicable period for laches determination for trial. This motion is clearly within the court's discretion to hear.

With respect to plaintiffs' argument that their interlocutory appeal waived a reconsideration of the analogous limitations period for laches, the First Circuit and 28 U.S.C. §1292(a)(3) disagree. Interlocutory appeals can be taken in admiralty cases only with respect to an issue finally determining the rights and liabilities of the parties. *Doyle, et al. v. Huntress, Inc., et al.*, 419 F.3d 3, 7 (1st Cir. 2005). The only such issue in this case was whether §11107 of Title 46 applied to fishermen earning lay shares. The First Circuit

acknowledged this as the sole issue on appeal. *Id.*

The limitations period issue arose in 2003 when defendants and plaintiffs filed and argued cross-motions for summary judgment. Defendants moved for summary judgment based on the inapplicability of 46 U.S.C. §10601 to the default wage statute of 46 U.S.C. §11107. Secondarily, defendants moved for summary judgment based on laches and waiver. Defendants' laches argument at summary judgment was limited to prejudice caused by the plaintiffs' inexcusable delay in bringing suit; not the violation or applicability of a particular limitations period. In reply, the plaintiffs contended that Rhode Island's ten year statute of limitations for breach of contract actions should apply to their claims. It was only in reply to this argument that defendants argued that the six month limitations period of 46 U.S.C. §10602 was the more analogous period. Defendants also argued in reply that laches, and not a particular limitations period, was applicable to the action.

The district court denied defendants' motion for summary judgment on both the statutory theory and the defenses of laches and waiver. The court, however, also addressed the parties' arguments regarding the analogous limitations period. The court stated in its decision that, under *Pellegrino v. R.I. Ethics Commission*, 788 A.2d 1119 (R.I. 2002), Rhode Island's ten year default limitations period was most analogous and would be applied at trial. This has no binding effect on this court as we proceed to trial, currently scheduled for April. Notwithstanding the fact that it is within the court's discretion to revisit the issue, the cross-motions for summary judgment were dispositive motions based on dispositive arguments.

Non-dispositive issues are certainly not immune from reconsideration when a trial on the merits has not yet taken place.

It is telling that plaintiffs' primary argument is that defendants have waived their right to reconsideration, as opposed to the merits of the actual limitations issue. As noted above, there is no rule of civil procedure that precludes this court from reconsidering the applicable laches period for trial. Although defendants may have been remiss in failing to assert arguments contained in their motion for reconsideration, this in no way prevents the defendants from requesting a reconsideration and certainly does not tie the hands of the court in revisiting the issue. Trial is still several months away and the plaintiffs are in no way prejudiced by any delay. To that end, a reconsideration of the issue would establish a framework within which the forthcoming "highest rate of wages" cases will be tried.

As to the substance of defendants' arguments and plaintiffs' rebuttal, defendants rely on their initial memorandum in support of their motion for reconsideration. Defendants would only add that plaintiffs are incorrect in stating that R.I.G.L. §28-14-18.1 does not exist. It was enacted in 1992 and is currently in full force and effect.

RESPECTFULLY SUBMITTED,
DEFENDANTS,
By their Attorneys,

J. Renn Olenn by MKD
J. Renn Olenn, Esq. #0623
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

Martin K. DeMagistris, Esq. #6089
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on 1/9/06 by fax and mail to:

Merlyn O'Keefe, Esq.
PACKER & O'KEEFE
1220 Kingstown Road
Peace Dale, RI 02879

CDako