UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TIMOTHY DOYLE, ERIC EDWARDS, GREG HAGAMAN, BRIAN LAGUE, and ANTHONY RICHARDS, Plaintiffs, | : | |
| v. | : | CA 01-409 L |
| HUNTRESS, INC., and RELENTLESS, INC., Defendants | : | |

**ORDER**
**GRANTING PLAINTIFFS' OMNIBUS MOTION TO COMPEL MORE RESPONSIVE ANSWERS**

Before the court is Plaintiffs' Omnibus Motion to Compel More Responsive Answers (Document #126) ("Motion to Compel" or "Motion"). A hearing on the motion was conducted on February 2, 2006.

At the hearing, counsel for Defendants indicated that Plaintiffs can obtain the information sought by the interrogatories by referring to the summary sheets and settlement sheets (which Defendants have already provided to Plaintiffs) and the requests for admissions (which Defendants previously served on Plaintiffs). In response, counsel for Plaintiffs argued, inter alia, that Plaintiffs were entitled to sworn answers to their interrogatories and suggested that the information contained in the requests for admissions would not necessarily be binding on Defendants.

After considering these arguments, the Motion to Compel is GRANTED to the extent that Defendants shall file a supplemental answer to the interrogatories. The supplemental answer shall be filed within twenty-one days and shall:

1) affirmatively state that information responsive to one or more of the interrogatories is contained in one or more of Defendants' requests for admissions and that copies

of these requests for admissions are attached to the supplemental answer;

2) shall identify the particular information which is obtainable from a specific request for admissions that Defendants contend is responsive to one or more interrogatories;[1] and

3) shall contain an affirmative statement by the person(s) signing the supplemental answer that: "I have reviewed the information contained in the attached requests for admissions, I affirm that the information is true, and I hereby incorporate that information into this supplemental answer to Plaintiffs' interrogatories."

**It is the intent of this Order that Defendants provide Plaintiffs with sufficient information such that each Plaintiff is able to determine for each trip which he made what amount constituted a "full share" and what amount he received.** Defendants may file a single supplemental answer in compliance with this Order, but such supplemental answer shall contain individual responses as to each Plaintiff.

---

[1] For example, where applicable, a response similar to those shown below should be provided by Defendants:

> In response to Interrogatory No. 15, please be advised that Request for Admission No. ___ directed to Plaintiff Timothy Doyle identifies what constituted a full share for each trip Plaintiff Doyle made in 199__.

or

> In response to Interrogatory No. 15, please be advised that Request for Admission No. __ directed to Plaintiff Timothy Doyle identifies what constituted a full share for the trip that Plaintiff Doyle made which began (or ended) on ____________, 199__.

Defendants are further directed to determine whether any secondary records (canceled checks, bills, receipts, invoices, etc.) exist which by referring to such records would enable Plaintiffs to determine the date(s) or approximate date(s) of each trip.

So ordered.

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
February 2, 2005

BY ORDER:

Deputy Clerk